**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ELLNEISHA BROWN**                                                 **CIVIL ACTION**

**VERSUS**                                                                         **NO. 20-638**

**PROTECTIVE INSURANCE COMPANY, et al.**          **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Plaintiff Ellneisha Brown's ("Plaintiff") "Motion to Remand."[1] In this litigation, Plaintiff claims that she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Mr. Mario Lopez ("Lopez").[2] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Defendant Protective Insurance Company ("Protective Insurance Company").[3] In the instant motion, Plaintiff argues that the issue of jurisdiction was already judicially determined by this Court the first time this matter was removed and that therefore, res judicata applies.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and remands this matter to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

## I. Background

On October 9, 2019, Plaintiff filed a Petition for Damages against Defendants Mario Lopez

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-2 at 3.

[3] *Id*. at 4.

[4] Rec. Doc. 7 at 1.

("Lopez") and Protective Insurance Company ("Protective Insurance Company") (collectively, "Defendants") in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[5] In the Petition for Damages, Plaintiff alleges that on or about October 11, 2018, she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Lopez.[6] Plaintiff argues that she is entitled to damages for her past, present and future pain and suffering, past, present and future medical expense, lost earning potential.[7] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Protective Insurance Company.[8]

Protective Insurance Company removed the case to the United States District Court for the Eastern District of Louisiana for the first time on November 19, 2019.[9] In the first Petition for Removal, Defendant Protective Insurance Company asserted that "[t]he amount in controversy for these injuries exceeds $75,000.00, exclusive of interests and costs. Plaintiff has incurred at least $15,365.35 in past medical expenses and the amount in controversy for general damages exceeds $60,000."[10] Defendant Protective Insurance Company further stated that "[w]hen determining the amount in controversy, the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000–$50,000 range . . . [t]he amount for general damages in cases involving knee injuries where surgery has been recommended may be placed in the $40,000 to $125,000 range . . . [and] the amount for general damages in cases involving rhizotomies may

---

[5] Rec. Doc. 1-2 at 3.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.*

[9] Case No. 19-13710, Rec. Doc. 1 at 6.

[10] *Id.* at 3.

exceed the amount in controversy necessary for federal jurisdiction."[11] Therefore, Defendant Protective Insurance Company argued that "[b]ased on all of her alleged injuries, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interests and costs."[12]

On December 5, 2019, following the Fifth Circuit's guidance in *Allen v. R&H Oil & Gas Co.*,[13] the Court ordered the parties to submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*, November 19, 2019.[14] On December 11, 2019, both Plaintiff and Defendant Protective Insurance Company filed responsive memoranda regarding the amount in controversy along with supporting documentation.[15] The Court, after reviewing the evidence submitted by the parties, determined that there was insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.[16] Accordingly, on January 8, 2020, the Court remanded the case to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[17]

On February 21, 2020, Defendants removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[18] In the second notice of removal, Defendants once again allege that the Court has diversity jurisdiction over this matter and that the amount in

---

[11] *Id.* at 3-4.

[12] *Id.* at 3-4.

[13] 63 F.3d 1326, 1335 (5th Cir. 1995).

[14] Case No. 19-13710, Rec. Doc. 9.

[15] Case No. 19-13710, Rec. Docs. 10, 11.

[16] Case No. 19-13710, Rec. Doc. 12 at 11.

[17] *Id.* at 12.

[18] Rec. Doc. 1.

controversy is satisfied.[19] Following the second removal, the case was randomly allotted to Section "T."[20] On March 5, 2020, Plaintiff filed the instant "Motion to Remand."[21] On March 23, 2020, Defendants filed an opposition.[22] On April 1, 2020, this case was transferred from Section "T" to Section "G."[23]

## II. Parties' Arguments

### A.   *Petition for Removal*

In the Petition for Removal, Defendants again assert that the amount in controversy for Plaintiff's injuries exceeds $75,000, exclusive of interests and costs.[24] Defendants note that in response to a request for admission, Plaintiff admitted that she incurred at least $15,400.35 in past medical expenses.[25] Defendants contend that, because Plaintiff's itemization of medical expenses shows that the total bill at Spine Innovations is $1,310, the total amount of past medical expenses is at least $16,200.35.[26] Furthermore, Defendants argue that Plaintiff has received estimates for future medical expenses for the procedures recommended by her treating physicians that amount to $26,366.[27] Defendants argue that the amount in controversy for general damages for a claim for

---

[19] Rec. Doc. 1.

[20] Rec. Doc. 2.

[21] Rec. Doc. 7.

[22] Rec. Doc. 9.

[23] Rec. Doc. 10.

[24] Rec. Doc. 1 at 7.

[25] *Id.* at 5 (citing Rec. Doc. 1-8).

[26] *Id.*

[27] *Id.* at 6.

herniations alone exceeds $40,000 to $50,000.[28] Defendants argue that the amount in controversy for general damages for a claim involving knee surgery can range from $40,000 to $125,000.[29] Defendants argue that the amount in controversy for general damages for a claim involving rhizotomies alone may be worth $75,000.[30] Defendants contend that "[t]herefore, the amount in controversy based on the general damages alone based on all of Plaintiff's alleged injuries of (1) herniations, (2) knee injury with a recommendation for surgery, and (3) lumbar injury with recommendation for rhizotomy, is in excess of $75,000.00, exclusive of interests and costs ($50,000 plus $125,000 plus $75,000, or $250,000 – even if the general damages overlap, the amount in controversy based on general damages alone would still be above the necessary amount of controversy for federal jurisdiction)."[31] Lastly, Defendants argue that "[i]n the Response to the Request for Admission, Plaintiff did not deny the Request for Admission asking Plaintiff to admit that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs."[32]

### B.   *Plaintiff's Motion to Remand*

In the instant motion, Plaintiff argues that "this matter has previous[ly] been decided and is res judicata, [and therefore] this Honorable Court does not have jurisdiction over their claims."[33] Plaintiff argues that this Court previously ordered that this matter be remanded to state court.[34]

---

[28] *Id.*

[29] *Id.*

[30] *Id.* at 7.

[31] *Id.* at 7-8.

[32] *Id.* at 8.

[33] Rec. Doc. 7 at 1.

[34] Rec. Doc. 7-1 at 2.

Plaintiff asserts that the amount of damages has not changed since the remand order was issued.[35] Therefore, Plaintiff argues that "[t]his matter is res judicata and as such should not be relitigated as it has a judgment on the merits."[36]

## C.   Defendants' Opposition to the Motion to Remand

In opposition to the motion to remand, Defendants assert that Plaintiff's sole argument is that this issue was previously decided and it is res judicata.[37] Defendants argue that they are entitled to remove this matter because removal is timely and because Defendants "obtained new documents showing that the amount in controversy exceeds $75,000, exclusive of interests and costs."[38] Additionally, Defendants argue that Lopez had not been served at the time of the last removal, and therefore, res judicata does not apply.[39]

First, Defendants argue that the amount in controversy is clearly above $75,000, exclusive of interests and costs.[40] Defendants contend that Plaintiff claims that she sustained injuries to her neck, low back, left knee and other parts of her body in the accident and that Plaintiff's past medical treatment and future medical recommendations are summarized in the Petition of Removal.[41] Defendants argue that Plaintiff has received recommendations for (1) left knee arthroscopic partial medial meniscectomy and chondroplasty surgery; (2) lumbar radiofrequency ablations; and (3)

---

[35] *Id.*

[36] *Id.*

[37] Rec. Doc. 9 at 1.

[38] *Id.* at 2.

[39] *Id.*

[40] *Id.* at 3.

[41] *Id.*

6

possible lumbar surgery.[42] Defendants argue that these recommendations for future treatment exceed the jurisdictional amount of $75,000.[43] Additionally, Defendants argue that Plaintiff has incurred $16,200.35 of past medical expenses and will incur at least $26,366 of future medical expenses, a combined total of over $42,000.[44] Therefore, Defendants argue that general damages and past and future medical expenses amount to more than $75,000.[45]

Next, Defendants contend that the latest evidence, namely Plaintiff's deposition, further clarify that the amount in controversy is met.[46] For example, Defendants argue that Plaintiff stated that she plans to undergo surgery on her left knee once her sugar levels are under control.[47] Defendants also contend that Plaintiff stated that she plant to undergo injections in her lumbar spine, including radiofrequency ablations.[48] Lastly, Defendants assert that Plaintiff claimed that she is suffering from anxiety since the accident.[49] Defendants argue that Plaintiff's deposition shows that the amount in controversy exceeds $75,000.[50]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has

---

[42] *Id.*

[43] *Id.*

[44] *Id.* at 4.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 4-5.

[49] *Id.* at 5.

[50] *Id.*

original jurisdiction over the action.[51] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The removing party bears the burden of demonstrating that federal jurisdiction exists.[52] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[53] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[54]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[55] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[56] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[57] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[58]

---

[51] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[52] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[53] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[54] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[55] *See Allen*, 63 F.3d at 1335.

[56] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[57] *Id.*

[58] *Id.*

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[59] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[60] When, as here, the plaintiff has alleged an indeterminate amount of damages in the Complaint, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[61] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[62] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[63] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[64]

The Court must address the jurisdiction issue *sua sponte*, because a "party may neither consent to nor waive federal subject matter jurisdiction."[65] "[S]ubject matter delineations must be

---

[59] *See* La. Code Civ. P. art. 893.

[60] *Id.*

[61] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[62] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[63] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[64] *Allen*, F.3d at 1335.

[65] *Simon*, 193 F.3d at 850.

policed by the courts on their own initiative."[66] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[67]

## IV. Analysis

In the instant motion, Plaintiff argues that the issue of jurisdiction was already judicially determined by this Court the first time this matter was removed and that therefore, res judicata applies.[68] Defendants argue that they are entitled to remove this matter because removal is timely and because Defendants "obtained new documents showing that the amount in controversy exceeds $75,000, exclusive of interests and costs."[69] Additionally, Defendants argue that Mr. Lopez had not been served at the time of the last removal, and therefore, res judicata does not apply.[70]

The mere fact that a case was previously removed and remanded does not automatically preclude a subsequent removal. "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand."[71] "[A] defendant is precluded only from seeking a second removal *on the same ground*," meaning by referring to the same pleading or event that formed the basis of the initial removal.[72] Nevertheless, a defendant may file a second notice of removal when

---

[66] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[67] 28 U.S.C. § 1447(c).

[68] Rec. Doc. 7 at 1.

[69] Rec. Doc. 9 at 2.

[70] *Id.*

[71] S.*W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079–80 n. 29 (5th Cir. 1984)).

[72] *Id.* (emphasis in original).

subsequent pleadings or events reveal a new and different basis for removal.[73] For example, in *S.W.S. Erectors, Inc. v. Infax, Inc.*, the Fifth Circuit held that a case which was not initially removable became removable when a deposition revealed, for the first time, that the jurisdictional amount in controversy was met.[74]

In general, a defendant must file a notice of removal in the district court within 30 days after receipt of the state court pleading that sets forth a removable claim.[75] However, in a case where removal is not based upon an initial pleading, a defendant may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[76] While subsequent removals are permitted, such removals must be based on newly acquired evidence that reveals a new factual basis for removal.[77]

Here, in the first notice of removal, Defendant Protective Insurance Company asserted that "[t]he amount in controversy for these injuries exceeds $75,000.00, exclusive of interests and costs. Plaintiff has incurred at least $15,365.35 in past medical expenses and the amount in controversy for general damages exceeds $60,000."[78] In the second notice of removal, Defendants again assert that the amount in controversy for Plaintiff's injuries exceeds $75,000, exclusive of interests and costs.[79] In support, Defendants have attached an updated list of medical bills, which

---

[73] *Id.* at 492–93.

[74] *Id.* at 494. The deposition constituted "other paper," as contemplated by 28 U.S.C. § 1446(b).

[75] 28 U.S.C. § 1446(b).

[76] 28 U.S.C. § 1446(b)(3).

[77] *S.W.S. Erectors, Inc.*, 72 F.3d at 492.

[78] *Id.* at 3.

[79] Rec. Doc. 1 at 7.

increases the total for past medical expenses to $16,200.35.[80] Defendants also attached estimates

for future medical expenses for the procedures recommended by Plaintiff's treating physicians,

which amount to $26,366.[81] Lastly, Defendants attach "Plaintiff's Responses to Requests for

Admissions," in which Plaintiff did not deny that the amount in controversy is in excess of

$75,000.[82] Defendants argues that this statement should be deemed admitted, as it was not denied

within the time allowed by Louisiana law.[83]

 Here, the Court finds that Defendants have not shown that removal is based on new and

different grounds than what was previously raised in the first removal proceeding.[84] At the first

removal proceeding, the Court ordered the parties to submit summary-judgment-type evidence

regarding the amount in controversy.[85] However, the Court found that the responsive memoranda

submitted by the parties was insufficient, without more information, to establish that the amount

in controversy requirement was met at the time of removal.[86] As the Court explained in its prior

Order and Reasons:

> Plaintiff has incurred past medical expenses totaling $15,365.35. Plaintiff asserts
> that she plans to undergo a knee surgery, at a cost of approximately $21,850.00 and
> a lumbar rhizotomy, at a cost of $10,000.00–$15,000.00. Even accepting these
> future costs as true, the amount of damages would be just $47,215.35–$52,215.35,
> still short of the $75,000 requirement. Plaintiff does not submit any evidence
> regarding the value of Plaintiff's other requests for damages, such as present and
> future pain and suffering or lost earning potential. While Plaintiff seeks damages
> for pain and suffering and lost earning potential, these categories of damages are

---

[80] Rec. Doc. 1-8.

[81] Rec. Doc. 1-9.

[82] Rec. Doc. 1-5.

[83] Rec. Doc. 1 at 8 (citing La. C.C. Pr. Art. 1467).

[84] *See S.W.S. Erectors*, 72 F.3d at 492.

[85] Case No. 19-13710, Rec. Doc. 9.

[86] Case No. 19-13710, Rec. Doc. 12 at 11.

inherently speculative and difficult to quantify. Although these categories could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[87]

In the second removal proceeding, Defendants have attached an updated list of medical bills, which show that Plaintiff has incurred past medical expenses totaling $16,200.35, an increase of $835.[88] Defendants also attached estimates for future medical expenses for the procedures recommended by Plaintiff's treating physicians, which amount to $26,366.[89] This amount is actually $5,484–$10,484 less than the amount of future medical expenses the parties contemplated when this case was previously removed to this Court.[90] The summation of past and future medical expenses yields just $42,566.35, still short of the $75,000 requirement.

To make up the difference, Defendants are once again asserting that the general damages typically awarded for various claims is sufficient to bridge the gap between past and future medical expenses on the one hand, and the jurisdictional amount on the other. Just as in the first removal proceedings, Defendants point to the same Louisiana court cases where courts awarded general damages in ranges which could exceed $75,000.[91] Therefore, the second removal, like the first removal, hinges on the valuation of general damages. As the Court explained in its prior Order and Reasons remanding this matter:

> . . . other damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists. Protective Insurance Company "must do more than merely show that plaintiff could recover

---

[87] *Id.*

[88] Rec. Doc. 1-8.

[89] Rec. Doc. 1-9.

[90] Case No. 19-13710, Rec. Doc. 12 at 11.

[91] *Compare* Case No. 19-13710, Rec. Doc. 1 *with* Rec. Doc. 1.

more than the jurisdictional amount" to satisfy its burden. Rather, Protective Insurance Company must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Despite Protective Insurance Company's argument that the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard," and is therefore an improper standard when assessing the amount in controversy.[92]

Lastly, Defendants attach "Plaintiff's Responses to Requests for Admissions," in which Defendants argue that Plaintiff did not deny that the amount in controversy is in excess of $75,000.[93] Defendants argue that, this statement should be deemed admitted, as it was not denied within the time allowed by Louisiana law.[94]  First, Plaintiff objected to the request for admission, and therefore, it is not deemed admitted. Defendants' request for admission number 1 states "[p]lease admit that the amount in controversy in this lawsuit is more than $75,000, exclusive of interest and costs."[95] In response, Plaintiff states that "Plaintiff objects to the same as it calls for a legal conclusion."[96] Louisiana Code of Civil Procedure article 1467 provides, in pertinent part, that "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."[97] Plaintiff objected to the request for admission. Accordingly, the statement is not deemed admitted. Secondly, a plaintiff's failure to stipulate or

---

[92] Case No. 19-13710, Rec. Doc. 12 at 11 (citations omitted).

[93] Rec. Doc. 1-5.

[94] Rec. Doc. 1 at 8 (citing La. C.C.P. art. 1467).

[95] Rec. Doc. 1-5 at 1.

[96] *Id.*

[97] La. C.C.P. art. 1467.

14

admit to an amount in controversy is just one factor a court considers in determining whether a defendant has met its burden regarding the jurisdictional amount.[98] This is because, in part, the Fifth Circuit has made clear that a "party may neither consent to nor waive federal subject matter jurisdiction."[99] The Court must determine for itself if it has subject matter jurisdiction.[100]

While subsequent removals are permitted, such removals must be based on newly acquired evidence that reveals a new factual basis for removal.[101] Here, the notice of removal in the instant action is very similar to the notice of removal filed in case number 2:19-CV-13710. Notably, the primary difference between the first and second removal is that Plaintiff's future medical expenses actually decreased. While Defendants satisfy the *S.W.S. Erectors* standard of seeking removal based on a new pleading or event, this new pleading or event must "*reveal a new and different ground for removal.*"[102] Providing updated medical expenses which result in a lower amount in controversy does not reveal a new or difference ground for removal. If the amount in controversy was not satisfied in the first removal proceedings, it is difficult to see how a lesser amount in controversy would suffice at the second removal proceedings. Based on the foregoing, Defendants are merely requesting that the Court reconsider its prior remand Order. Accordingly, the Court finds that Defendants have not demonstrated a new factual basis for removal.

---

[98] *Riley v. Southern Fidelity Ins. Co.*, Civil Action No. 11-1482, 2011 WL 3567515, at * 5 (E.D. La. Aug. 12, 2011) (citing *Meza v. Best Western International, Inc.*, Civil Action No. 10-2623, 2010 WL 5146524, at * 2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)) (finding that "'a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy.").

[99] *Simon*, 193 F.3d at 850.

[100] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("[S]ubject matter delineations must be policed by the courts on their own initiative.").

[101] *S.W.S. Erectors, Inc.*, 72 F.3d at 492.

[102] *Id*. at 493 (emphasis original).

However, even if the Answers to Interrogatories and/or the Responses to Requests for Production of Documents could be considered a new and different ground for removal, Defendants have not demonstrated, by a preponderance of the evidence, that the amount in controversy will likely exceed $75,000. Because Plaintiff's state court pleadings allege an indeterminate amount of damages, Defendants, as the parties asserting jurisdiction, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[103] Defendants may satisfy this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[104] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[105] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[106] Even though Plaintiff does not raise the amount in controversy in the instant motion, the Court must address the jurisdiction issue *sua sponte*, because a "party may neither consent to nor waive federal subject matter jurisdiction."[107]

It is not facially apparent from the state court pleadings that Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs. In the Petition for Damages,

---

[103] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[104] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[105] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[106] *Allen*, F.3d at 1335.

[107] *Simon*, 193 F.3d at 850.

Plaintiff alleges boilerplate categories of damages including past, present and future pain and suffering, past, present and future medical expense, lost earning potential.[108] "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[109] Here, there is no allegation in the Petition regarding Plaintiff's specific injuries, nor does Plaintiff provide any information regarding medical expenses or lost earning potential. Accordingly, the Court finds that the amount in controversy is not facially apparent from the Petition for Damages.

Because it is not facially apparent from the Petition for Damages that Plaintiff's damages will exceed $75,000, the court must consider whether the Defendants have demonstrated, by a preponderance of the evidence, that the amount in controversy will likely exceed the jurisdictional amount. The Court finds that Defendants have not met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Plaintiff has incurred past medical expenses totaling $16,200.35.[110] Defendants attached estimates for future medical expenses for the procedures recommended by Plaintiff's treating physicians, which amount to $26,366.[111] Even accepting these future costs as true, the amount of damages would be just $42,566.35. Just as in the previous removal proceedings, Defendants do not submit any evidence regarding the value of Plaintiff's other requests for damages, such as present and future pain and suffering or lost earning potential.

---

[108] Rec. Doc. 1-2 at 4.

[109] *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon*, 193 F.3d at 851).

[110] Rec. Doc. 1-8.

[111] Rec. Doc. 1-9.

In determining if the amount in controversy requirement has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[112] Here, however, the damages in this case are too speculative for the Court to find by a preponderance of the evidence that the amount in controversy requirement is satisfied. It is well-established that any ambiguities or doubts as to whether removal jurisdiction is proper should be resolved against a finding of jurisdiction and in favor of remand.[113] Therefore, the Court herby remands this case to state court.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[114] is **GRANTED** and the above-captioned matter is **REMANDED** to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  6th  day of May, 2020.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[112] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[113] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[114] Rec. Doc. 7.